**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: July 7, 2021

| | |
|---|---|
| ADWEEK LLC | Civil Action No. (1:21-cv-0528) |
| Plaintiff, | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| vs. | |
| David G. Pilcher The Freeport Press, Inc | |
| Defendants. | |

**THIS MATTER** (the "Civil Action") having been commenced by plaintiff ADWEEK LLC ("Plaintiff" or "ADWEEK") by filing a complaint on January 21, 2021 and amended complaint on April 6, 2021 against David G. Picher and The Freeport Press ("Defendants");

Defendants have agreed and acknowledged service for the purposes of consenting to jurisdiction and enforcement by this Court;

Plaintiff and Defendants having consulted independent legal counsel in connection with this Civil Action; and

Plaintiff and Defendants having agreed to the entry of this Consent Judgment and Permanent Injunction (the "Consent Judgment");

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, and ORDERED AND ADJUDGED, and made effective as of this 7 day of July 2021, ("Effective Date") as follows:

1. The Court has personal jurisdiction over each of the parties to this action. The Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1338 over the Lanham Act and Copyright Act claims because the action alleges *inter alia* violations of

federal statutes; and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over the state law claims because they arise out of the same nucleus of operative fact and are so related to the federal cause of action that they form the same case or controversy. Venue is proper in this judicial district at least under 28 U.S.C. § 1391 and 1400(a).

2. The findings of personal jurisdiction and proper venue apply to this Civil Action only and are not indicative of personal jurisdiction or proper venue in any other action.

3. Defendants consent to the jurisdiction of this Court to enter and enforce the Order against them, their officers, employees, servants, agents, licensees, attorneys, successors-in-title, affiliates, subsidiaries and assigns, all those in active concert and participation with any of them, and the parties hereby consent to the entry of this Consent Judgment.

4. The Court hereby directs final judgment in favor of Plaintiff and against Defendants in accordance with the terms herein.

5. Plaintiff is the owner of the trademark ADWEEK including stylized versions thereof and associated registrations as identified in the Complaint and Amended Complaint and Plaintiff is the owner of the copyright in its articles including but not limited to those which are registered at the Copyright Office.

6. Defendants shall remove all articles listed in Exhibit 1 of the Complaint and Amended Complaint (Dkt 1-1, Dkt. 18-1) and shall not republish, distribute, display or otherwise exploit the same.

7.  Defendants shall not access adweek.com and use that access to re-publish any portion of the articles or to assist others in the same.

8.  Defendants shall remove from their social media feeds and website any embedded images of the stylized logo ADWEEK®. See e.g. Dkt 18-1 at 40-41 and Dkt. 18-3 at 8.

9.  This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms and provisions of this Consent Judgment.

10. In the event of a violation of this Consent Judgment, Plaintiff shall be entitled to recover its attorney fees, costs and expenses in connection with that matter in addition to any damages in the event of such a violation. In the event of a violation of this Consent Judgment, Plaintiff shall also be entitled to preliminary and permanent injunctive relief without the need to show irreparable harm and it shall be presumed that the injury to Plaintiff outweighs the damage the proposed injunction would cause Defendants and that Plaintiff has suffered an irreparable injury for which monetary damage is insufficient and it shall be Defendants' burden to show a public interest would be hurt. For preliminary injunctive relief it shall be presumed that Plaintiff is likely to prevail on the merits.

11. Upon Defendants' alleged violation of this Consent Judgment, Plaintiff shall provide Defendants notice by email and mail to its counsel of record in this matter and mail to the alleged breaching party and Defendants shall have fourteen (14) days from the date the notice is sent to cure said default ("Cure Period"). If Defendants fail to cure the default during the Cure Period, Plaintiff shall be entitled to immediately seek any appropriate relief, including but not limited to the relief outlined in Section 9. Defendants shall be

entitled to a single notice of and Cure Period and for any subsequent alleged breaches, Plaintiff shall be entitled to immediately seek relief.

12.  This matter is dismissed with prejudice with the parties to bear their own costs and fees.

**IT IS SO ORDERED.**

Dated: New York, New York
7 July 2021

Victor Marrero
U.S.D.J.

## CONSENT

The foregoing Consent Judgment and Permanent Injunction is approved as to form and substance, and the entry thereof without further notice is hereby consented to, and the respective parties have agreed to waive, and do hereby waive, all rights of appeal which they, or any of them, may have from said Consent Judgment and Permanent Injunction.

Respectfully submitted,

Dated: July 7, 2021          By: _____

R. David Lane, Jr. (RD 2435)
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801
(212) 376-6400
E-mail: rdlane@mdwcg.com
*Attorney for Defendants David G. Pilcher and The Freeport Press, Inc.*

Dated: June 25, 2021

By: _____

Gene S. Winter, Esq. (GW6798)
Jonathan S. Winter, Esq. (JW4345)
St. Onge Steward Johnston & Reens, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
gwinter@ssjr.com

*Attorneys for Plaintiff ADWEEK LLC.*